O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-168 AHM (MANx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | CENTER FOR BIOLOGICAL DIVERSITY v. DEPARTMENT OF ENERGY, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:    Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

## I.    INTRODUCTION

Center for Biological Diversity ("Plaintiff") is a non-profit corporation involved in species and habitat protection. Plaintiff filed this Administrative Procedure Act ("APA") action against the Department of Energy and the Secretary of Energy, Samuel Bodman (collectively "Defendant"), on January 10, 2008. It alleges that Defendant's designation of the Southwest National Interest Electric Transmission Corridor ("Southwest NIETC") violated (1) the National Environmental Policy Act, 42 U.S.C. § 4332(2), because Defendant failed to consider the environmental impacts of or alternatives to the designation; (2) the Federal Power Act ("FPA"), 16 U.S.C. § 824p, because it did not consider alternatives to the Southwest NIETC; and (3) the FPA, section 824p, by exceeding the statute's authorization in its designation of the Southwest NIETC. Plaintiff also alleges a violation under the Endangered Species Act, 16 U.S.C. §§ 1536 and 1540, for Defendant's failure to consult with the U.S. Fish and Wildlife Service or the U.S. National Oceanic and Atmospheric Administration's National Marine Fisheries Service prior to the designation.

On March 26, 2008, Defendant filed the instant motion to dismiss the action for lack of subject matter jurisdiction. Defendant contends that jurisdiction is proper only in the Court of Appeals under 16 U.S.C. § 825l, while Plaintiff argues that jurisdiction is proper in this Court under 42 U.S.C. § 7192(b). For the following reasons, the Court

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-168 AHM (MANx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | CENTER FOR BIOLOGICAL DIVERSITY v. DEPARTMENT OF ENERGY, *et al.* | | |

GRANTS Defendant's motion.[1]

## II.    FACTUAL BACKGROUND

### A.    History of the Federal Power Commission, Department of Energy, and Federal Energy Regulatory Commission

In 1920 Congress created the FPC through the Federal Power Act ("FPA"), codified as Title 16, Chapter 12 of the U.S. Code. The FPC had the authority to issue licenses to operate and maintain transmission lines and other related power facilities. 16 U.S.C. § 797(e). In 1935 Congress amended the FPA, inserting section 824 *et seq*. The new provisions included sections 825l and 825p, which govern judicial review of claims under the FPA. In 1958 Congress amended the FPA again, this time enacting the current language of 16 U.S.C. § 825l. Subsection (a) of section 825l provides that "any person. . .aggrieved by an order issued by the Commission" may apply for a rehearing before the Commission. 16 U.S.C. § 825l(a). It also provides that only an entity that applied for a rehearing may bring an action to review an order of the Commission. Subsection (b) states:

> Any party to a proceeding under this chapter aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the United States Court of Appeals for any circuit wherein the licensee or public utility to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia, by filing in such court, within sixty days after the order of the Commission upon the application for rehearing

16 U.S.C. § 825l(b).

The other judicial review provision in the FPA states:

> The District Courts of the United States. . .shall have exclusive jurisdiction of violations of this chapter or the rules, regulations, and orders thereunder, and of all

---

[1] Dkt. No. 15

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-168 AHM (MANx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | CENTER FOR BIOLOGICAL DIVERSITY v. DEPARTMENT OF ENERGY, *et al.* | | |

suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of, this chapter or any rule, regulation, or order thereunder.

16 U.S.C. § 825p. As of 1958, therefore, section 825l provided for court of appeals review for orders issued by the "Commission" under the FPA and section 825p provided for exclusive district court review for claims of violations of the FPA and violations of orders issued pursuant to the FPA. 16 U.S.C. §§ 825l(b), 825p.

Congress dissolved the FPC and created the Department of Energy ("DOE") and the Federal Energy Regulatory Commission ("FERC") on August 4, 1977, through the Department of Energy Organization Act ("DOE Act") in Title 42 of the U.S. Code. The DOE Act defines "Department" as the Department of Energy and "Commission" as the FERC for the purposes of the Act. 42 U.S.C. § 7101(a). As explained further below, 42 U.S.C. § 7192 mandates that judicial review of FERC and DOE actions take place as specified by law or, if no manner is specified, then the district court shall have jurisdiction over actions arising exclusively under the DOE Act.

The DOE was created in response to a fractured energy policy, in an attempt to make energy policy cohesive and coherent by combining the many agencies dealing with energy policies (including the FPC) into one. S. Rep. No. 95-164 at 855 (1977). FERC was established as an independent regulatory agency within the DOE. 42 U.S.C. §§ 7134, 7171. FERC inherited the FPC's authority to issue licenses to build transmission lines and other facilities listed in 16 U.S.C. § 797(e). *See* 42 U.S.C. § 7172(a)(1). The DOE inherited all the functions of the FPC that were not transferred to FERC, as well as certain other functions from other agencies. *See* 42 U.S.C. §§ 7151(a), 7172(a)(1). The DOE Act also transferred to both DOE and FERC certain powers under the Federal Power Act and Natural Gas Act. *Id.* §§ 7151(b), 7172(a)(2). Subject to this overlapping jurisdiction of DOE and FERC are the FPA powers under 16 U.S.C. §§ 797, 825, 825a, 825 e to 825h, and 825k to 825o. *Id.* § 7172(a)(2)(A). Thus, section 825l is included in this conferral of joint authority.

## B. Energy Policy Act of 2005 and Designation of NIETCs

In 2005, Congress passed the Energy Policy Act, amending the FPA. Codified as §

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-168 AHM (MANx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | CENTER FOR BIOLOGICAL DIVERSITY v. DEPARTMENT OF ENERGY, *et al.* | | |

824p of Title 16, the Energy Policy Act requires the DOE to study energy congestion and authorizes the DOE to designate any area of energy congestion as a National Interest Electric Transmission Corridor ("NIETC"). 16 U.S.C. § 824p(a) (2005). After the DOE makes such a designation, FERC has the authority to issue licenses for the construction of energy lines and facilities under several specified circumstances. *Id.* § 824p(b). One of the circumstances under which an applicant may apply to the FERC for a permit is if the state in which the project is to be constructed has previously rejected its application. *Id.*

Pursuant to the Energy Policy Act, on May 7, 2007 the DOE published its Draft National Interest Electric Transmission Corridor Designations, which reported that the Southwest and Mid-Atlantic regions were critically congested and warranted designation as NIETCs. 72 Fed. Reg. 25838-01, 25839-40 (May 7, 2007). The DOE opened a 60-day comment period, held public meetings, and received public comments regarding the designations. *Id.* at 25838. Plaintiff submitted comments as part of this process. On October 2, 2007 the DOE issued its National Electric Transmission Congestion Report and Order, designating the Southwest and Mid-Atlantic corridors and stating that all persons and entities who had submitted written comments would be regarded as parties for the purposes of seeking rehearing. 72 Fed. Reg. 56992-02, 57026 (Oct. 5, 2007). The Southwest NIETC includes seven counties in southern California and three counties in southwestern Arizona. The designation was effective immediately and is to remain in effect until October 7, 2019.

After the DOE issued this order, various parties -- but not Plaintiff -- sought rehearing pursuant to 16 U.S.C. § 825l(2). The DOE granted rehearing on December 7, 2007 for the purpose of giving further consideration to all timely-filed requests challenging the Southwest and Mid-Atlantic NIETCs. 72 Fed. Reg. 69202-01, 69202 (Dec. 7, 2007). On March 11, 2008, DOE issued an order denying rehearing, explaining that the DOE had completed consideration of the issues raised in the rehearing applications and had concluded that they were without merit. 73 Fed. Reg. 12959-02, 12960 (Mar. 11, 2008).

A number of the parties who were denied rehearing filed petitions for review of the DOE's designation of the NIETCs in various Courts of Appeal, pursuant to 16 U.S.C. § 825l. Pending currently are thirteen petitions for review, which the Judicial Panel on

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-168 AHM (MANx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | CENTER FOR BIOLOGICAL DIVERSITY v. DEPARTMENT OF ENERGY, *et al.* | | |

Multidistrict Litigation has consolidated in the Ninth Circuit.[2] The petitioners in those cases are state and local government entities, including the Commonwealth of Virginia, the State of New York, the State of Pennsylvania, the Commonwealth of Pennsylvania, the Arizona Corporation Commission, and various public utilities. An assortment of environmental organizations are intervenors in each of those actions. Respondents named in those actions include electricity companies such as Southern California Edison, presumably because those companies are already taking steps to seek FERC approval of transmission projects.[3]

On January 10, 2008, Plaintiff filed this district court action challenging the designation of the Southwest NIETC.

From November 2007 to January 2008, the Pennsylvania Public Utility Commission, Piedmont Environmental Council, National Wildlife Federation, Sierra Club, and various other environmental organizations filed three separate actions in the United States District Court for the Middle District of Pennsylvania challenging the designation of the Mid-Atlantic NIETC and asserting the same jurisdictional bases as Plaintiff does here. The three cases were consolidated before Judge William Caldwell. The Government moved to dismiss all three cases for lack of subject matter jurisdiction, relying on arguments similar to the ones in this case. On August 21, 2008, Judge Caldwell granted the motion on the ground that jurisdiction is vested exclusively in the Court of Appeals under 16 U.S.C. § 825l by virtue of 42 U.S.C. § 7172(a). *Pa. Public Utility Comm'n v. Bodman*, 2008 WL 3925840, *4 (M.D. Pa. Aug. 21, 2008). This Court agrees.

## III. LEGAL STANDARD

A party may challenge a complaint's assertion of federal subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proving that a claim is within the

---

[2]On September 19, 2008 the Ninth Circuit issued an order setting the briefing schedule and format. Briefing is scheduled to conclude in May 2009.

[3] In its "Request for Expedited Consideration" of this motion, Plaintiff explained that Southern California Edison has filed an Initial Filing or FERC Approval of a project in Arizona, within the S-W NIETC, a project that the Arizona Corporation Commission had previously rejected.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-168 AHM (MANx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | CENTER FOR BIOLOGICAL DIVERSITY v. DEPARTMENT OF ENERGY, *et al.* | | |

jurisdiction of the federal courts rests on the party asserting the existence of subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936).

A Rule 12(b)(1) attack on jurisdiction may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. When a Rule 12(b)(1) attack is facial, as it is here, the allegations in the complaint are taken as true and all reasonable inferences are drawn in favor of the pleader. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Saridakis v. United Airlines*, 166 F.3d 1272, 1276 (9th Cir. 1999).

## IV. DISCUSSION

The question before the Court is which judicial review provision applies to the DOE's designation of NIETCs under 16 U.S.C. § 824p. Plaintiff primarily relies on two jurisdictional bases: 42 U.S.C. § 7192(b) of the DOE Act and 16 U.S.C. § 825p of the FPA. Defendant relies on both the DOE Act, 42 U.S.C. § 7192(a), and the FPA, 16 U.S.C. § 825l(b), which provides for exclusive court of appeals jurisdiction.

### A. The FPA's Judicial Review Provisions Apply Through 42 U.S.C. § 7192(a)

Because this action is directed at the DOE, the starting point for the subject matter jurisdiction analysis is the DOE Act's judicial review provision, 42 U.S.C. § 7192. It states, in pertinent part:

> (a) Agency action
> Judicial review of agency action taken under any law the functions of which are vested by law in, or transferred or delegated to the Secretary [of the Department of Energy], the [Federal Energy Regulatory] Commission or any officer, employee, or component of the Department shall, notwithstanding such vesting, transfer, or delegation, be made in the manner specified in or for such law.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-168 AHM (MANx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | CENTER FOR BIOLOGICAL DIVERSITY v. DEPARTMENT OF ENERGY, *et al.* | | |

(b) Review by district court of United States; removal
Notwithstanding the amount in controversy, the district courts of the United States shall have exclusive original jurisdiction of all other cases or controversies arising exclusively under this chapter, or under rules, regulations, or orders issued exclusively thereunder. . . ."

42 U.S.C. § 7192.

42 U.S.C. § 7192(a) requires the Court to consider whether the law under which the DOE took action specifies a manner for judicial review of that action. Subsection (b) confers exclusive jurisdiction on the district courts over "all other cases or controversies arising exclusively [under the DOE Act]." According to Plaintiff, that is exactly the case: No particular manner of judicial review is specified for designations of NIETCs by the DOE, so section 7192(b) applies. In Plaintiff's view, section 825l does not specify a manner for judicial review of the DOE's NIETC designations because it refers to the "Commission," not the "Department." In the alternative, Plaintiff argues that even if the FPA determines judicial review, then it is section 825p that is the correct provision to apply, because Plaintiff is enforcing a duty created by the FPA and alleging a violation of the FPA. Plaintiff is not correct.

### 1. 16 U.S.C. § 825l applies to the DOE and FERC as successors to the FPC.

Like the plaintiffs in the Middle District of Pennsylvania, Plaintiff's core argument is 16 U.S.C. § 825l does not apply to the DOE because it is not a "Commission." *See Pa. Public Utility Comm'n*, 2008 WL 3925840 at *4-5. The Middle District of Pennsylvania rejected this argument, and so does this Court.

According to Plaintiff, FERC is the true successor of the FPC and is the only entity to which the FPA's references to "Commission" could apply. After all, the majority of the FPC's powers were transferred to FERC, and FERC closely resembles the FPC in composition and appointment procedures. To support its true-successor argument, Plaintiff cites the legislative history recited in *United States v. Tex-La Elec. Co-op., Inc.*, 693 F.2d 392, 403 (5th Cir. 1982) (citing 123 Cong. Rec. 26,119 (1977)). However, as explained in *Tex-La*, the legislative history reflects that the FERC was created as a result

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-168 AHM (MANx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | CENTER FOR BIOLOGICAL DIVERSITY v. DEPARTMENT OF ENERGY, *et al.* | | |

of a "deliberate compromise" to alleviate worries about whether the DOE Act would result in the concentration of power "in the hands of one officer of the executive department, rather than in the hands of a nominally independent agency," not as a result of any desire to make FERC the single successor to the FPC. *Id.* Indeed, *Tex-La* actually notes that not all the powers of the FPC were transferred to FERC. *See id.* (citing Senate Report which listed some of the FPC powers not transferred to the FERC).

Plaintiff further contends that the fact that the Energy Policy Act refers to FERC as the "Commission" demonstrates that Congress meant to re-define "Commission" for the entire FPA to refer solely to FERC. This contention lacks support. While "the meaning of one statute may be affected by other Acts," this is true only "where Congress has spoken subsequently and more specifically to the topic at hand." *Food & Drug Admin., et al. v. Brown & Williamson Tobacco Corp.,* 529 U.S. 120, 133 (2000) (citing *United States v. Estate of Romani*, 523 U.S. 517 (1998)). When it passed the DOE Act, which defined "Department" as the DOE and "Commission" as the FERC, Congress did not indicate that those new definitions would change the judicial review provisions in the earlier-enacted FPA. Rather, Congress provided that the judicial review scheme in the FPA should remain in effect, notwithstanding the transfer of existing FPA functions. 16 U.S.C. § 7192(a) ("Judicial review of agency action taken under any law the functions of which are transferred. . .to the [DOE or FERC] shall, notwithstanding such. . .transfer. . . be made in the manner specified in. . . such [pre-existing] law."); *see also Tex-La*, 693 F.2d at 403 (noting that "Congress wished to avoid making any 'substantive' changes in the law, and for their purposes 'substantive' included hearing and other requirements that most lawyers in normal contexts would have termed procedural.")[4] That the FPC's functions were transferred to both FERC and the DOE demonstrates that Congress intended that the old references to judicial review in the FPA would apply to both successor agencies. Put differently, given that FPC's functions were divided between FERC and DOE, Congress could not have intended to mandate that all earlier-enacted references to the FPC apply only to FERC.

---

[4] Plaintiff's citation to *Kokoszka v. Belford*, 417 U.S. 642, 650 (1974) is unavailing, as the *Kokoszka* Court's interpretive guidelines actually reinforce the necessity of evidence of Congressional intent to alter the earlier act. *See id.* (finding no indication in the legislative history for the Consumer Protection Act that Congress intended to alter the clear purposes of the earlier-enacted Bankruptcy Act).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-168 AHM (MANx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | CENTER FOR BIOLOGICAL DIVERSITY v. DEPARTMENT OF ENERGY, *et al.* | | |

Finally, Plaintiffs' reliance on the word "Commission" in the FPA, 16 U.S.C. § 825l, misses the mark, because the DOE Act focuses on whether other laws specify the manner of judicial review of functions, not on the entity performing (or formerly performing) the function. *See* 42 U.S.C. § 7192(a). As the Middle District of Pennsylvania observed, "[t]he purpose of section 7192(a) is to provide for judicial review of *functions*" including those functions "vested in the DOE, FERC, 'or any officer, employee, or component of the Department' in the manner specified for judicial review in the law vesting the function. . . ." *Pa. Public Utility Comm'n*, 2008 WL 3925840 at *5 (emphasis added) (quoting 42 U.S.C. § 7192(a)). Hence, that the FPA's judicial review provision referred to the old FPC does not affect, much less undermine, the fact that the manner of judicial review specified in the FPA applies to any function vested by law in the DOE. 42 U.S.C. § 7192(a).

<u>2. 42 U.S.C. § 7192(b) does not apply to this case.</u>

Section 7192(b) specifies that district courts have original jurisdiction over cases or controversies "arising *exclusively* under" the DOE Act or under "rules, regulations, or orders issued *exclusively* [under]" the DOE Act. 42 U.S.C. § 7192(b) (emphasis added). By confining district court jurisdiction to actions arising "exclusively" under the DOE Act, Congress signaled that it did not intend to displace the judicial review schemes in its existing energy regulation statutes, such as the Federal Power Act and Natural Gas Act. Here, Plaintiff brings claims under the FPA, National Environmental Policy Act and the Endangered Species Act, statutes that are completely independent of the DOE Act. Therefore, Plaintiff's case does not arise "exclusively under" the DOE Act or under an order issued under the DOE Act. Moreover, because this case arises under an order issued under the FPA, 16 U.S.C. § 824p, the DOE Act directs litigants challenging that action to use the judicial review provisions of the FPA. 42 U.S.C. § 7192(a)

Plaintiff's reliance on *Duke Power Co. v. United States Dep't of Energy*, 830 F.2d 359 (D.C. Cir. 1987) in support of applying section 7192(b) is misplaced. *Duke Power* held that the DOE's enrichment services regulations did not "deal[] with the activities of licensees" within the meaning of the Hobbs Act, so the Hobbs Act did not specify an applicable manner of judicial review, and thus the general review provision of section 7192(b) applied. 830 F.2d at 360-61. Unlike the narrow provision in the Hobbs Act, the judicial review provisions in the FPA are phrased in broad terms, applying to "[a]ny party

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-168 AHM (MANx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | CENTER FOR BIOLOGICAL DIVERSITY v. DEPARTMENT OF ENERGY, *et al.* | | |

to a proceeding under this chapter aggrieved by an order issued by the [now-disbanded Federal Power] Commission," 16 U.S.C. § 825l(b), and "all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of, this chapter or any rule, regulation, or order thereunder." *Id.* § 825p. These two provisions together would appear to cover just about all actions taken pursuant to the FPA, including the issuance of an NIETC designation order.

### B.  Of the FPA's Judicial Review Provisions, 16 U.S.C § 825l Applies

Plaintiff asserts that even if "Commission" does apply to the DOE, then FPA section 825p rather than section 825l should apply, placing jurisdiction in the district courts. For the three reasons elaborated below, the Court disagrees.

#### 1. Plaintiff cannot evade section 825l by framing its claim as alleging a violation of the FPA rather than challenging the DOE's NIETC order.

Plaintiff contends that it is alleging a violation of the FPA, not asking for a review of a DOE order. The former is covered by section 825p; the latter by section 825l. Plaintiff's second claim for relief[5] alleges that the DOE failed to consider alternatives, as required by the Energy Policy Act, and exceeded its authority under the EPAct in designating the NIETC because not all of the designated area is "experiencing electric energy transmission capacity constraints or congestion that adversely affects consumers." According to Plaintiff, this claim is an attempt to "enforce [a] duty" under the FPA that was violated by the DOE. 16 U.S.C. § 825p. In Plaintiff's view, therefore, a suit challenging the DOE's order on the grounds that it failed to abide by the standards and procedures of the FPA constitutes a suit to "enjoin any violation [of the FPA]."

This argument is not convincing textually. In claiming that the DOE violated section 824p by issuing the NIETC designation order, Plaintiff *is* a party "aggrieved by an order" within the meaning of section 825l. *Pa. Public Utility Comm'n*, 2008 WL 3925840 at *9. Although the language of section 825p is broad, to interpret it as encompassing actions alleging that DOE orders violate the FPA would render FPA

---

[5]Plaintiff's claims one, three and four challenge the DOE order under statutes other than the FPA, so they cannot fall within the scope of section 825p.

Case 2:08-cv-00168-AHM-MAN   Document 33   Filed 10/16/08   Page 11 of 15   Page ID #:324

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-168 AHM (MANx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | CENTER FOR BIOLOGICAL DIVERSITY v. DEPARTMENT OF ENERGY, *et al.* | | |

section 825l superfluous.

     Moreover, the Ninth Circuit almost certainly would reject Plaintiff's attempt to characterize this action as one challenging the DOE's failure to act, as opposed to one challenging the DOE's order. Very recently, the Ninth Circuit rejected a similar strategem, noting that "a plaintiff may not escape an exclusive avenue of judicial review through artful pleading." *American Bird Conservancy v. Federal Communications Comm'n*, --- F.3d ---, 2008 WL 4459086, *4 (Oct. 6, 2008). The court cited as precedent *California Save Our Streams Council, Inc. v. Yeutter*, 887 F.2d 908, 912 (9th Cir. 1989). In *Yeutter*, the plaintiff filed suit against the U.S. Forest Service for violation of the National Environmental Policy Act (NEPA) and the American Indian Religious Freedom Act (AIRFA). *Id.* at 910. The suit was prompted by the FERC's order granting a license to a hydroelectric project following its receipt of a Finding of No Significant Impact letter from the Forest Service. *Id.* at 911. The court held that FPA section 825l provides exclusive jurisdiction for the Court of Appeals, rejecting plaintiff's contention that it was not attacking the FERC's licensing decision under the FPA, but was instead seeking review only of the Forest Service's failure to comply with NEPA and AIRFA. *Id. Accord DiLaura v. Power Authority of State of New York*, 982 F.2d 73, 79 (2d Cir. 1992) (rejecting plaintiff's framing of the complaint as an attempt to enforce a duty that the agency had under the FPA under the FERC license as a "facile" maneuver designed to avoid administrative exhaustion).

     Plaintiff tries to distinguish *Yeutter* and *DiLaura* on the basis that they involved licenses issued by the FERC and it was appropriate to apply section 825l because it refers to orders issued by the "Commission," meaning the FERC. As discussed above, that textual distinction is of no moment, because there is no basis to infer that Congress intended for the FPA's references to the defunct FPC to apply only to FERC. Here, Plaintiff is in essence challenging an order of the DOE. That makes this case analogous to cases challenging the FERC's licensing orders. *See Pa. Public Utility Comm'n*, 2008 WL 3925840 at *9 (noting that challenge to DOE's NIETC order is analogous to challenge to FERC licensing order). Following the reasoning of *American Bird Conservancy, Yeutter, and DiLaura*, Plaintiff may not avoid the exhaustion requirement of section 825l simply by characterizing its action as an attempt to compel DOE to comply with a duty.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-168 AHM (MANx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | CENTER FOR BIOLOGICAL DIVERSITY v. DEPARTMENT OF ENERGY, *et al.* | | |

To summarize, the FPA's judicial review scheme requires that suits seeking review of orders issued by the successor to the FPC be brought in the court of appeals. Section 825l governs judicial review of an order issued by either the DOE or FERC, *i.e.*, challenges to the validity of the order itself, whereas section 825p governs all other suits involving a violation of the FPA, including suits seeking to enforce DOE or FERC orders. *See Allegheny Elec. Co-op., Inc. v. Power Authority of State of N.Y.*, 630 F.Supp. 1271, 1276 (S.D.N.Y. 1986) (noting that under section 825l(b) the courts of appeal have exclusive jurisdiction to review orders of FERC, while section 825p is an enforcement section designed to address the violation of specific orders delineating rights and duties).

### 2. Plaintiff was a party to an informal proceeding and could have obtained review in the Ninth Circuit under section 825l, had it fulfilled the exhaustion requirement.

Plaintiff's final argument against the application of section 825l to this case is that it was not a "*party*" to a "*proceeding*" entitled to obtain review of an order "in the United States Court of Appeals for any circuit wherein the *licensee or public utility to which the order relates* is located." 16 U.S.C. § 825l(b) (emphasis added).

Plaintiff argues first that there was no "proceeding." Plaintiff cites *Federal Power Comm'n v. Metropolitan Edison Co.*, 304 U.S. 375, 384 (1938), for the principle that "proceedings" require taking evidence, holding hearings, and making findings. FPA section 825l does not define "proceeding," and neither the FPA nor the DOE Act prescribes particular procedures for issuing NIETC orders. Under current case law, in the absence of a statutorily mandated procedure, agencies have the discretion to decide whether to act by formal or informal procedures. *See Nat'l Labor Relations Bd. v. Bell Aerospace Co.*, 416 U.S. 267, 293 (1974) ("the choice made between proceeding by general rule or by individual, ad hoc, litigation is one that lies primarily at the discretion of the administrative agency.") (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 203 (1947). Thus, the DOE has discretion to decide whether to proceed by informal notice-and-comment rule-making or through formal adjudicatory proceedings. Prior to issuing the order involved here, DOE released a notice, stating: "the Department of Energy (Department of DOE) today begins two proceedings that may lead to one or more orders designating one or more national interest electric transmission corridors." 72 Fed. Reg. 25838 (May 7, 2007). The notice stated that the proceedings would consist of a comment

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-168 AHM (MANx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | CENTER FOR BIOLOGICAL DIVERSITY v. DEPARTMENT OF ENERGY, *et al.* | | |

period and public meetings. *Id.* Because the case law permits the DOE's use of informal proceedings, the DOE order was the result of a "proceeding" within the meaning of FPA section 825l. *See Pa. Public Utility Comm'n*, 2008 WL 3925840 at *6 (holding that section 825l applies to notice-and-comment proceedings, not only adjudications).

Plaintiff additionally contends that it is not a "party." However, after issuing the NIETC order, the DOE stated that all persons or entities who submitted comments would be parties for the purposes of seeking rehearing. 72 Fed. Reg. 56992-02, 57026 (Oct. 5, 2007). Plaintiff did submit comments, was therefore a party and could have obtained judicial review under section 825l(b), had it sought rehearing.
Finally, Plaintiff argues that section 825l cannot apply because it requires that the federal action take place in the location of "the licensee or public utility to which the order relates," 16 U.S.C. § 825l(b), and the DOE order does not relate to any licensee or public utility. That would mean section 825l could not apply until and unless FERC issued an order relating to a specific licensee or public utility (*e.g.*, upon an application for a license to construct electricity lines in those corridors). Not so. The DOE's order does "'relate[] to' licensees and public utilities within the corridor in the sense that it will affect their ability to construct new power lines." *Pa. Public Utility Comm'n*, 2008 WL 3925840 at *6. The loose term "relate to" does not restrict actions in appellate courts only to those involving FERC orders concerning the rights of particular licensees or public utilities.

> 3. The specific jurisdictional provision of 16 U.S.C. § 825l trumps the general provision of 16 U.S.C. § 825p.

As Plaintiff recognizes, the "well-established rule" is that "when two jurisdictional statutes draw different routes of appeal," courts "apply only the more specific legislation." *Yeutter*, 887 F.2d at 911; *see also Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 834 (1976) ("[A] precisely drawn, detailed statute pre-empts more general remedies"). In this case, section 825l of the FPA is more specific than section 825p.

**C.  Any Ambiguity Must Be Resolved in Favor of Court of Appeals Jurisdiction.**

At most, Plaintiffs have made a case that the language of the FPA is ambiguous. If any ambiguity remains, the issue should be resolved in favor of appellate jurisdiction.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-168 AHM (MANx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | CENTER FOR BIOLOGICAL DIVERSITY v. DEPARTMENT OF ENERGY, *et al.* | | |

*Nuclear Info. & Res. Serv. v. U.S. Dep't of Transp. Research & Special Programs Admin.*, 457 F.3d 956, 960 (9th Cir. 2006). The purpose of locating review of agency action in the appellate courts is to avoid the redundancy of compiling fact-finding records before both the agency and the district court and inconsistency at the district court level. *See Florida Power & Light Co., v. Lorion*, 470 U.S. 729, 720 (1985) (citing *Harrison v. PPG Indus., Inc.*, 446 U.S. 578, 593 (1980)). "Courts interpreting the interplay between statutes providing for jurisdiction in circuit courts and those granting a general right of action [have] consistently found that review is limited to the circuit courts." *Am. Bird Conservancy v. FCC*, 408 F. Supp. 2d 987, 993 (D. Haw. 2006) (citing *Northwest Res. Info. Ctr. v. Nat'l Marine Fisheries Serv.*, 25 F.3d 872, 874 (9th Cir. 1994)).

The benefits of exclusive appellate review are not merely hypothetical. In the thirteen related actions at the appellate level, the Ninth Circuit is likely to exercise jurisdiction under FPA section 825l to rule on the validity of the DOE's NIETC orders. As the district court in Pennsylvania also noted, "since no additional fact finding is necessary here, the court of appeals is fully able to consider this administrative record, without input from the district court." *Pa. Public Utility Comm'n*, 2008 WL 3925840 at *9. To hold that section 825l does *not* confer exclusive appellate jurisdiction would lead to duplication of the identical task in this Court and the Ninth Circuit.

The Court concludes that the Federal Power Act, 16 U.S.C. § 825l, requires that the Courts of Appeal have exclusive jurisdiction over actions challenging the DOE's NIETC orders.

### D. The Applicability of General Judicial Review Provisions

Because judicial review of the DOE's NIETC order is specifically governed by the FPA, 16 U.S.C. § 825l, Plaintiff's claims of jurisdiction under the APA, National Environmental Policy Act and the Endangered Species Act (which apply to all agencies) must be rejected. *See Yeutter*, 887 F.2d at 911-12 ("the specific jurisdictional provisions of the FPA which expressly govern review of disputes concerning the licensing of hydroelectric projects control over the general and widely applicable procedures that regulate NEPA, AIRFA and other statutory challenges"), *cited in American Bird Conservancy*, 2008 WL 4459086 at *4.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-168 AHM (MANx) | Date | October 16, 2008 |
|---|---|---|---|
| Title | CENTER FOR BIOLOGICAL DIVERSITY v. DEPARTMENT OF ENERGY, *et al.* | | |

## V. CONCLUSION

Plaintiff has failed to show that jurisdiction in this Court is proper. Therefore, the Court GRANTS Defendant's motion to dismiss with prejudice.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

                                                                  :

Initials of Preparer      SMO

**Make JS-6**